**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 13-4455**

───────────

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

  v.

JOSE DELORES VANEGAS, a/k/a Chivito,

    Defendant - Appellant.

───────────

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.   Liam O'Grady, District Judge.   (1:12-cr-00255-LO-6)

───────────

Submitted:  February 27, 2014   Decided:  March 10, 2014

───────────

Before DUNCAN, KEENAN, and WYNN, Circuit Judges.

───────────

Affirmed by unpublished per curiam opinion.

───────────

Lawrence H. Woodward, Jr., SHUTTLEWORTH, RULOFF, SWAIN, HADDAD & MORECOCK, PC, Virginia Beach, Virginia, for Appellant.   Dana J. Boente, Acting United States Attorney, Richard D. Cooke, Assistant United States Attorney, Richmond, Virginia, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Following a jury trial, Jose Delores Vanegas was convicted of conspiracy to distribute cocaine, 21 U.S.C. § 846 (2012), and possession of a firearm in furtherance of a drug trafficking offense, 18 U.S.C. § 924(c) (2012). The district court sentenced him to a total of 120 months' imprisonment. Vanegas appeals, arguing that the evidence was insufficient to support the jury's verdict on the firearm charge and that the district court erred in its instruction regarding the "in furtherance" element of the firearm offense.[*] We affirm.

In reviewing the sufficiency of the evidence to support a conviction, this court must determine whether, viewing the evidence in the light most favorable to the government, there is substantial evidence to support the conviction. United States v. Stewart, 256 F.3d 231, 249 (4th Cir. 2001). To sustain the § 924(c) conviction, the jury was required to conclude that Vanegas possessed a firearm in furtherance of a drug trafficking crime. This court has enumerated several factors that a jury might consider to determine whether the possession of the firearm "furthered, advanced, or helped forward a drug trafficking crime." United States v. Lomax, 293

---

[*] Vanegas does not challenge his conspiracy conviction or the sentence imposed.

2

F.3d 701, 704 (4th Cir. 2002). Those factors include "the type of drug activity that is being conducted, accessibility of the firearm, the type of weapon, whether the weapon is stolen, the status of the possession (legitimate or illegal), whether the gun is loaded, proximity to drugs or drug profits, and the time and circumstances under which the gun is found." Id. (internal quotation marks omitted).

Considering these factors in conjunction with the evidence produced at Vanegas' trial, we conclude that the evidence was sufficient to support his conviction. Notably, the firearm possessed was a handgun, which is "uniquely suited for drug transactions." See United States v. Lipford, 203 F.3d 259, 267 n.7 (4th Cir. 2000). The serial number on the firearm had been filed off, making possession of the weapon illegal, see 18 U.S.C. § 922(k) (2012); the firearm and two magazines, as well as extra ammunition, cocaine, digital scales, and baggies were discovered in a closet near the front door of Vanegas' apartment.

Although there was no evidence presented that Vanegas carried the firearm during drug transactions or that he conducted any drug transactions in the apartment in which the gun was found, Vanegas did offer to trade the firearm to his supplier for drugs, an action that may satisfy the "in furtherance of" requirement of § 924(c). See United States v.

3

Robinson, 627 F.3d 941, 955 (4th Cir. 2010). We conclude that the evidence, as a whole, is sufficient for the jury to have found that Vanegas' possession of the firearm "furthered, advanced, or helped forward" his drug trafficking offense. See Lomax, 293 F.3d at 704.

Vanegas also argues that the district court erred in instructing the jury on the "in furtherance of" element of § 924(c). This court reviews the content of the district court's specific jury instructions for an abuse of discretion, United States v. Ellis, 121 F.3d 908, 923 (4th Cir. 1997); see United States v. Whitfield, 695 F.3d 288, 305 (4th Cir. 2012) (affording district court "considerable discretion in choosing the specific wording of its instructions"), cert. denied, 133 S. Ct. 1461 (2013), and will not reverse this decision if "the instructions, taken as a whole, adequately state the controlling law." United States v. Ryan-Webster, 353 F.3d 353, 364 n.17 (4th Cir. 2003) (internal quotation marks omitted).

The district court's instruction to the jury on the "in furtherance of" requirement was as follows:

> a firearm is possessed "in furtherance of" a drug trafficking offense when the firearm possession furthered, advanced, or helped forward the drug trafficking offense. Mere possession of a firearm is not sufficient, but the government is not required to prove that the firearm was actively employed.

4

A jury may find that a firearm furthered, advanced, or helped forward drug trafficking in a number of ways, such as by enabling a drug trafficker to collect during a drug deal, by reducing the chance that the drugs or drug profits would be stolen, by preventing drug transactions from going sour, or by defending the drug trafficker's turf.

In deciding whether a firearm furthered drug trafficking, the jury may consider factors such as the proximity of the firearm to drugs or drug profits, the accessibility of the firearm, whether the gun was loaded, the type of firearm, the type of drug activity being conducted, whether the weapon was stolen, whether the possession of the gun was legal, and the time and circumstances under which the gun was found.

(JA at 187). Vanegas contends that the last paragraph of this instruction is unnecessary and therefore erroneous. The factors that the jury was instructed that they may consider were enumerated in Lomax, 293 F.3d at 704-05 and applied in United States v. King, 628 F.3d 693, 701 (4th Cir. 2011). The district court's instruction provided an accurate statement of the law and provided the jury with guidance in applying the law. We find no abuse of discretion by the district court in giving the challenged instruction. See Whitfield, 695 F.3d at 305; Ryan-Webster, 353 F.3d at 364 n.17. Accordingly, we affirm Vanegas' conviction, and we affirm the district court's judgment.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials

5

before this court and argument would not aid the decisional process.

AFFIRMED