**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 13-4455**

_____

UNITED STATES OF AMERICA,

           Plaintiff - Appellee,

     v.

JOSE DELORES VANEGAS, a/k/a Chivito,

           Defendant - Appellant.

_____

On Remand from the Supreme Court of the United States.
(S. Ct. No. 14-5936)

_____

Submitted: April 28, 2015          Decided: May 19, 2015

_____

Before DUNCAN, KEENAN, and WYNN, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Joseph R. Pope, WILLIAMS MULLEN, Richmond, Virginia, for Appellant. Dana J. Boente, United States Attorney, Richard D. Cooke, Assistant United States Attorney, Richmond, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

This case is before us on remand from the United States Supreme Court for further consideration in light of Riley v. California, 573 U.S. ____, 134 S. Ct. 2473 (2014). In United States v. Vanegas, 560 F. App'x 191 (4th Cir.) (No. 13-4455), vacated, ____ U.S. ____, 135 S. Ct. 377 (2014), we affirmed Jose Delores Vanegas' convictions for conspiracy to distribute cocaine, 21 U.S.C. § 846 (2012), and possession of a firearm in furtherance of a drug trafficking offense, 18 U.S.C. § 924(c) (2012). After reviewing Vanegas' appeal in light of Riley, we affirm.[*]

In Riley, the Supreme Court held that a warrant is generally required prior to a search of a cell phone. Riley, 134 S. Ct. 2493. This is true even when the cell phone is seized incident to arrest. Vanegas contends that the search of his cell phone incident to arrest and the use of the text messages retrieved from the phone's data cards was unconstitutional in light of Riley. The Government asserts that Vanegas waived his Fourth Amendment challenge by failing to file a pretrial motion to suppress.

---

[*] In the prior appeal, Vanegas challenged the jury instructions and the sufficiency of the evidence regarding the firearm charge. We reinstate our prior opinion affirming his conviction. See Vanegas, 560 F. App'x at 192-94.

2

Rule 12 of the Federal Rules of Criminal Procedure requires that a motion to suppress be filed either before trial or by the deadline established by the district court. Fed. R. Crim. P. 12(b)(3)(C), 12(c)(1). If the defendant fails to timely file such a motion, he has waived his Fourth Amendment challenge unless the court finds "good cause" for the delay. Fed. R. Crim. P. 12(c)(3); see United States v. Moore, 769 F.3d 264, 267–68 (4th Cir. 2014) (affirming district court's determination that untimely motion to suppress was waived), cert. denied, 135 S. Ct. 1463 (2015); United States v. Sweat, 573 F. App'x 292, 295 (4th Cir.) (No. 13-4703) (noting that "we rarely grant relief from the denial of an untimely suppression motion"), cert. denied, 135 S. Ct. 157 (2014).

Vanegas did not move to suppress evidence prior to his trial. During the sentencing hearing, Vanegas asserted that his conviction was the result of an unconstitutional search. The district court responded that it had looked carefully at the evidence and did not find that any illegal evidence was presented during the trial. When Vanegas referenced his cell phone, the court responded that the wiretap evidence was properly obtained and was authorized by a search warrant. When Vanegas attempted to clarify that his challenge was to the search of the contents of his cell phone and data cards, the court noted his objection and continued with sentencing.

We conclude that Vanegas did not timely present his Fourth Amendment challenge to the district court and therefore waived this issue. See Fed. R. Civ. P. 12(b)(3)(C); Moore, 769 F.3d at 267–68. Also, despite Vanegas' assertion to the contrary, the district court's statements at sentencing did not amount to a finding of good cause to excuse the waiver. Id.

Having determined that Vanegas waived his Fourth Amendment challenge to the search of his cell phone and data cards, we conclude that the Supreme Court's ruling in Riley, 134 S. Ct. 2493, does not affect the validity of Vanegas' conviction. Accordingly, we affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED